UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| AN UDDER SENSATION II, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA BEACH HOLDINGS LLC, <br><br> Defendant. | CAUSE NO.: 4:23-CV-54-TLS-JEM |
| INDIANA BEACH HOLDINGS LLC, <br><br> Counter Claimant, <br><br> v. <br><br> AN UDDER SENSATION II, LLC, <br><br> Counter Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Remand [ECF No. 15]. Remand is required because the forum selection clause in the parties' contract mandated venue in a court located in White County, Indiana.

## BACKGROUND

On December 2, 2022, the Plaintiff An Udder Sensation II, LLC, an ice cream vendor, filed a Complaint [ECF No. 5] against the Defendant Indiana Beach Holdings LLC, an amusement park owner and operator, in the White County, Indiana, Superior Court, alleging state law tort and breach of contract claims related to a payment dispute. The Defendant filed an Answer and a Counterclaim on December 16, 2022, ECF Nos. 6, 7, and the Plaintiff filed an Answer to the Counterclaim on January 4, 2023, ECF No. 8. New counsel entered appearances

on behalf of the Defendant and, on May 30, 2023, communicated to the Plaintiff that the case would be removed to federal court unless the Plaintiff signed a stipulation that damages do not exceed $75,000. ECF No. 15-2. On June 20, 2023, the Defendant filed a Notice of Removal [ECF No. 1] pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction under 28 U.S.C. § 1332, indicating that the Plaintiff declined to sign the damages stipulation. On July 6, 2023, the Plaintiff filed the instant Motion to Remand [ECF No. 15].

## ANALYSIS

The Plaintiff seeks remand based on the forum selection clause in Section 14.01 of the parties' contract: "It is further mutually agreed that a court of competent jurisdiction *located in* the County of White, State of Indiana, *will* serve as the *exclusive venue* to resolve any and all disputes." Compl. Ex. A, Section 14.01, ECF No. 5-1 (emphasis added). In its motion, the Plaintiff argues that remand is required under this mandatory venue provision because this federal Court is not located in White County, Indiana.

"Like any contract provision, a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching." *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990)); *see also Atl. Marine Constr. Co. v. United States Dist. Ct.*, 571 U.S. 49, 62 (2013) ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."). "[W]here venue is specified with mandatory or obligatory language, the clause will be enforced . . . ." *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) (citing *Paper Express*, 972 F.2d 753).

2

Here, the forum selection clause contains mandatory language requiring that a court "located in" White County "will serve as the exclusive venue" for the resolution of disputes between the parties. This federal Court is not located in White County, Indiana, but is located in Lake County, Indiana. The Plaintiff argues that removal of the case to this venue, which is approximately 90 miles from the agreed upon venue, contradicts both the spirit and the plain language of the forum selection clause. The Plaintiff asserts that White County is the county in which the contractual performances occurred and that this federal forum will be inconvenient and burdensome to the Plaintiff.

In response, the Defendant asserts three arguments with no citation to case law. First, the Defendant correctly notes that the forum selection clause does not expressly require a "state court" to hear the case. Nevertheless, the clause's plain language requires that the court be "located in the County of White," and there is no federal court located in White County. The Plaintiff concedes that, if a federal court were located in White County, Indiana, that forum would be proper and consistent with the forum selection clause's mandatory language.

Second, the Defendant argues that it "is entitled to be in federal court." However, the statutory right to removal set forth in 28 U.S.C. § 1441(a)[1] can be contractually waived through a forum selection clause. *Pine Top Receivables of Ill., LLC v. Transfercom, Ltd.*, 836 F.3d 784, 786 (7th Cir. 2016); see *Johnsonville, LLC v. Loadsmart, Inc.*, No. 21-CV-898, 2022 WL 203394, at *1 (E.D. Wis. Jan. 24, 2022).[2]

---

[1] The statute provides:
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

[2] This "contractual waiver" is distinguishable from the "litigation-based waivers" discussed by the Defendant in response to the Plaintiff's alternative argument that the Defendant waived its right to

Third, recognizing that there is no federal court located in White County, the Defendant reasons that this federal Court nevertheless "presides" over White County. The Defendant is correct that White County is within the jurisdiction of the Northern District of Indiana, Hammond Division. *See* 28 U.S.C. §94(a)(3). However, the Defendant's reasoning is not supported by the plain language of the clause, which requires that the court be "located in" White County. If the Defendant had wanted the venue provision to include a court "presiding over" White County, it could have bargained for a different forum selection clause in the contract, which it drafted.

The plain language of the forum selection clause in the parties' contract mandates venue in a court "located in" White County, Indiana. This Court is not located in White County, Indiana. And the Defendant has not shown that enforcement of the forum selection clause would be unreasonable or unjust or that the provision was procured by fraud or overreaching. *See Paper Express*, 972 F.2d 757. Accordingly, the Court finds that remand is required based on the forum selection clause and grants the Plaintiff's Motion to Remand. As a result, the Court does not reach the Plaintiff's other bases for remand.

The Plaintiff seeks an award of fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Argent Healthcare Fin. Servs. v. Crawley*, No. 2:10-CV-499, 2011 WL 2604699, at *4 (N.D. Ind. June 30, 2011) (quoting *Martin v. Franklin Cap. Corp.*,

---

removal based on its participation in the state-court litigation before removal. *See Pine Top Receivables*, 836 F.3d at 786–87 (distinguishing contractual waivers from waivers based on "the removing party's actions in participating in state court proceedings prior to removal").

4

546 U.S. 132, 141 (2005)). Based on the analysis above, the Defendant lacked an objectively reasonable basis for seeking removal given the plain language of the forum selection clause in the parties' contract. Thus, the Court awards the Plaintiff its costs and actual expenses, including attorney fees, incurred as a result of the removal.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Plaintiff's Motion to Remand [ECF No. 15] and ORDERS the Defendant Indiana Beach Holdings LLC to pay the Plaintiff An Udder Sensation, LLC its costs and actual expenses, including attorney fees, incurred as a result of the removal in an amount to be determined by the Court.

The Clerk of Court is directed to remand this matter to the White County, Indiana, Superior Court.

The Court ORDERS the Plaintiff to FILE, on or before August 21, 2023, a properly supported statement of its costs and actual expenses, including attorney fees, incurred as a result of the removal of this action.

SO ORDERED on August 4, 2023.

        s/ Theresa L. Springmann  
        JUDGE THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT