# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| AN UDDER SENSATION II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA BEACH HOLDINGS LLC,<br><br>Defendant.<br><br>———————————————<br><br>INDIANA BEACH HOLDINGS LLC,<br><br>Counter Claimant,<br><br>v.<br><br>AN UDDER SENSATION II, LLC,<br><br>Counter Defendant. | CAUSE NO.: 4:23-CV-54-TLS-JEM |

## OPINION AND ORDER

On August 4, 2023, the Court granted the Plaintiff's motion to remand this action to Indiana state court. ECF No. 20. In the ruling, the Court found that the Defendant lacked an objectively reasonable basis for seeking removal; granted the Plaintiff's request for its costs and actual expenses, including attorney fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c); and ordered the Plaintiff to file a properly supported statement in support of the fee request. *Id.*; *see Argent Healthcare Fin. Servs. v. Crawley*, No. 2:10-CV-499, 2011 WL 2604699, at *4 (N.D. Ind. June 30, 2011) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). This matter is now before the Court on the Plaintiff's Affidavit of David M. Stupich [ECF No. 21] and Reply [ECF No. 23], both with supporting documentation, which seek a total of $13,267.50 in costs and actual expenses, including attorney fees, incurred by the Plaintiff as a

result of the Defendant's removal of this action. The Defendant filed a response in opposition to the opening Affidavit. ECF No. 22.

The Seventh Circuit has held that § 1447(c) "is *not* a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party." *Garbie v. DaimlerChrysler, Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (citing *Tenner v. Zurek*, 168 F.3d 328, 29–30 (7th Cir. 1999)). Under such a fee shifting statute, "[o]rdinarily a reasonable fee is calculated under the lodestar method by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018) (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011)). However, the Court recognizes that "§ 1447(c) expressly limits fee awards to actual outlays—specifically, to 'any *actual* expenses, including attorney fees, *incurred*.'" *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367 (7th Cir. 2000) (quoting 28 U.S.C. § 1447(c)). Nevertheless, "[t]he goal of fee-shifting is 'to do rough justice, not to achieve auditing perfection.'" *Countryside Bank v. Sheikh*, 853 F. App'x 3, 6 (7th Cir. 2021) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

In the initial Affidavit, supported by Exhibit A, Attorney David M. Stupich avers that 34.6 hours of work were spent between May 30, 2023, and June 19, 2023, related to the Defendant's removal efforts for a total of $11,227.00. *See* ECF Nos. 21, 21-1. Attorney Stupich is a partner with the firm of Stuart and Branigan, his hourly rate for this litigation in 2023 is $385.00, and he performed 22 hours of legal work for a total of $8,470.00. ECF No. 21 ¶¶ 1, 7, 19. Attorney Andrew A. Heisz, an associate with the firm, billed an hourly rate for this litigation in 2023 of $230.00 and performed 5.5 hours of work for a total of $1,265.00. *Id.* ¶¶ 2, 8, 19. This attorney work included reviewing and responding to the Defendant's removal strategies,

correspondence and communications, briefing the motion to remand, conducting legal

researching concerning the removal, reviewing and organizing the state and federal court

pleadings related to the removal, and preparing the Affidavit. *Id.* ¶ 17. Counsel also employed a

paralegal who performed 2.3 hours of work at an hourly billable rate of $200.00 for a total of

$460.00. *Id.* ¶¶ 18, 19. The paralegal prepared filings; organized, redacted, and attached exhibits;

and filed papers with the Court related to the removal of this case. *Id.* ¶ 18. Finally, counsel

employed a rising third-year law student and summer clerk and billed her time at the first-year

associate hourly rate of $215.00. *Id.* ¶ 19. The student worked 10.4 hours, which Attorney

Stupich reduced to 4.8 hours, for a total of $1,032.00. *Id.* The invoice at Exhibit A identifies the

date of the work, the initials of the person who performed the work, and a description of the

work. ECF No. 21-1.

In response, the Defendant objects to the requested $11,227.00 as excessive and

tantamount to a sanction. The Defendant notes that the Plaintiff's motion to remand was six

pages long and that only six sentences addressed the contract venue provision that was the basis

for the Court's remand order with no law cited in support. The Defendant notes that the Plaintiff

spent considerable time on arguments not relied on by the Court and argues that the Plaintiff

should not be awarded fees for the time spent formulating those arguments. The Defendant also

notes that the Plaintiff's reply brief was only 6.5 pages. The Defendant argues that the Plaintiff's

invoices contain no time entries, which amounts to block billing. Also, because counsel did not

disclose or attach a fee agreement with the Plaintiff, the Defendant argues that the Court cannot

know whether the Plaintiff will be billed for the fees sought. Thus, the Defendant asks the Court

to reduce the Plaintiff's request to an appropriate, reasonable, and "fair allocation" that is not

tantamount to a sanction.

In support of its reply brief, the Plaintiff filed a Supplemental Affidavit representing that Attorney Stupich spent 5.3 hours on the reply brief and supporting documentation for an additional $2,040.50, supported by an updated invoice in Exhibit A, resulting in a total request of $13,267.50 in attorney fees. Regarding the time allocations absent from the original supporting document, Attorney Stupich explains that the firm's billing software does not include time for specific entries in the invoices by default; in support of the Supplemental Affidavit, Attorney Stupich has submitted Exhibit B, which provides the specific time entries. Attorney Stupich also represents that the Plaintiff is the payor on this account and that the fees in the invoice filed as Exhibit A, *see* ECF Nos. 21-1, 24-1, are the fees incurred by the Plaintiff related to the Defendant's removal of this action.

As an initial matter, the Court finds the hourly rates presumptively reasonable as Attorney Stupich avers that they are reasonable rates in the region and the Defendant does not object. Next, the Court has reviewed the detailed entries for the work performed by the Plaintiff's attorneys and their staff on matters related to the removal and remand of the case and finds the number of hours within the range of reasonable work performed on such matters. Contrary to the Defendant's focus on the number of pages drafted by the Plaintiff, the hours spent by counsel included the review of pleadings, communications, research, and the drafting process. As for the Defendant's argument that the  award should be prorated based on the time spent in the Plaintiff's opening brief addressing the contractual venue provision ultimately relied on by the Court, the Court declines to carve up the Plaintiff's brief in this manner for purposes of calculating the attorney fee award. It was not unreasonable for counsel to address alternate bases for remand in the motion, and the fees incurred based on the time spent on those arguments was

"incurred as a result of the removal." Finally, counsel for the Plaintiff has averred that the $13,267.50 requested represents the invoice to the Plaintiff.

## CONCLUSION

Accordingly, the Court hereby AWARDS the Plaintiff $13,267.50 for its costs and actual expenses, including attorney fees, incurred as a result of the Defendant's removal of this action, to be paid to the Plaintiff by the Defendant.

SO ORDERED on October 16, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT